**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Eva Marie Stilkey

   v.                                                     Civil No. 17-cv-337-LM
                                                                Opinion No. 2018 DNH 009
Alexander Marsters



**O R D E R**


This appeal from bankruptcy court arises from an adversary complaint filed by the creditor, Eva Marie Stilkey, to determine the dischargeability of a debt——namely, a judgment that Stilkey obtained in state court against the debtor, Alexander Marsters. The U.S. Bankruptcy Court for the District of New Hampshire (Deasy, J.) granted Marsters' motion to dismiss the adversary complaint, and thereafter denied Stilkey's motion for reconsideration. After the period to appeal expired, Stilkey filed an untimely notice of appeal from these decisions and a motion to extend the appeal period. Concluding that Stilkey had not demonstrated "excusable neglect" under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B), the bankruptcy court denied the motion to extend and dismissed her notice of appeal. Stilkey now appeals the bankruptcy court's orders denying the

motion to extend and dismissing her notice of appeal.  For the following reasons, this court affirms both orders.[1]

## Background

Marsters filed a Chapter 7 bankruptcy case in January 2017. In April, Stilkey, acting pro se, filed an adversary complaint, in which she argued, under a number of theories, that the state-court judgment she had previously obtained against Marsters was nondischargeable.  On June 12, the bankruptcy court granted Marsters' motion to dismiss the complaint.  On June 19, Stilkey filed a motion for reconsideration, asserting that the bankruptcy court erred by dismissing her complaint.  Construing her motion as one "to alter or amend" under Rule 59(e), the bankruptcy court denied the motion on June 23.

The fourteen-day period to appeal expired on July 7, and the case was closed on July 10.  See Fed. R. Bankr. P. 8002(a)(1).  Seven days later, on July 17, Stilkey filed (1) a motion to reopen the proceeding, (2) a motion to extend the appeal filing deadline, and (3) a notice of appeal from the bankruptcy court's orders on her motion to dismiss and motion

---

[1] The court denies Stilkey's request for oral argument. Pursuant to Federal Rule of Bankruptcy Procedure 8019(b), where, as here, "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument," a district court need not hold oral argument.  Fed. R. Bankr. P. 8019(b)(3).

2

for reconsideration.  In her motion to extend, Stilkey stated
that she had been on vacation from June 20 to July 10, and that
she did not learn of the court's order on the motion for
reconsideration until July 13, when she was checking her mail.

The bankruptcy court reopened the adversary proceeding, but
denied the motion to extend and, consequently, dismissed the
notice of appeal.  In denying the motion to extend, the
bankruptcy court relied on the fact that "the reason for the
delay was within [Stilkey's] control."  Doc. no. 1 at 6 of 13.
The court also noted that, despite returning from her trip on
July 10, Stilkey waited "an entire week" to seek an extension of
the deadline.  Id.  For these reasons, the bankruptcy court
concluded that Stilkey had not demonstrated excusable neglect,
as required by Rule 8002(d)(1)(B).  Stilkey thereafter appealed
to this court.

## Standard of Review

Under 28 U.S.C. § 158(a), this court has jurisdiction to
hear appeals from final judgments, orders, and decrees of the
bankruptcy court, including an order denying a motion for an
extension under Federal Rule of Bankruptcy Procedure 8002.  See
Sheedy v. Bankowski, No. 16-cv-10702-ADB, 2017 WL 74282, at *2
(D. Mass. Jan. 6, 2017).  "District courts reviewing an appeal
from a bankruptcy court generally review findings of fact for

clear error, and conclusions of law <u>de novo</u>." <u>Id.</u>
"Discretionary rulings made pursuant to the Bankruptcy Code are
reviewable only for an abuse of discretion." <u>AMC Mortg. Servs.,
Inc. v. Chase</u>, No. 08-cv-313-JL, 2008 WL 4613867, at *1 (D.N.H.
Oct. 15, 2008) (quoting <u>In re Gonic Realty Trust</u>, 909 F.2d 624,
626 (1st Cir. 1990)).  "A bankruptcy court may abuse its
discretion by ignoring a material factor that deserves
significant weight, relying on an improper factor, or, even if
it considered only the proper mix of factors, by making a
serious mistake in judgment."  <u>Id.</u>

    Generally, a party must file a notice of appeal within
fourteen days after entry of the order being appealed.  Fed. R.
Bankr. P. 8002(a)(1).  The bankruptcy court may extend the
deadline if the party files a motion to extend "(1) within the
fourteen-day period, Fed. R. Bankr. P. 8002(d)(1)(A); or (2)
within twenty-one days after the fourteen-day appeal period,
upon a showing of excusable neglect by the moving party.  Fed.
R. Bankr. P. 8002(d)(1)(B)." <u>In re Sheedy</u>, 875 F.3d 740, 742
(1st Cir. 2017).  Here, Stilkey does not dispute that, given the
timing of her motion to extend, she must demonstrate "excusable
neglect" under Rule 8002(d)(1)(B).

    "A determination of whether the neglect at issue is
excusable is at bottom an equitable one, taking account of all

relevant circumstances surrounding the party's omission."
Bankowski, 2017 WL 74282, at *3 (quotation and internal
quotation marks omitted).  The bankruptcy court weighs four
factors in assessing whether a party's neglect is excusable:
"(1) the danger of prejudice to the non-moving party; (2) the
length of delay and potential impact on judicial proceedings;
(3) the reason for the delay; and (4) whether the movant acted
in good faith."  In re Sheedy, 875 F.3d at 744.  The reason for
the delay is the most important factor.  Id.

The First Circuit has stressed that "[d]emonstrating
excusable neglect is a demanding standard and the trial judge
has wide discretion in dealing with litigants who make such
claims."  Id. at 743 (quotation and internal quotation marks
omitted).  Thus, great deference is afforded to the bankruptcy
court's determination, which should not be set aside "without a
definite and firm conviction that the court below abused its
discretion and committed clear error."  Id.

## Discussion

Stilkey raises a number of arguments supporting her appeal,
which the court condenses into the following essential claims:
(1) the bankruptcy court did not properly apply the relevant
standard on excusable neglect, in that the court focused solely
on the reason for delay; and (2) the court should have acted

5

more leniently and equitably in considering Stilkey's motion to extend, because both Marsters and the bankruptcy court committed errors during the proceedings.  Neither of these arguments justifies reversal of the bankruptcy court's decision.

Stilkey first asserts that the bankruptcy court did not apply the proper standard because it did not consider all relevant factors and extenuating circumstances, including, among other things, Stilkey's good faith, pro se status, and lack of knowledge about bankruptcy matters.  Instead, the bankruptcy court "only considered whether the delay was within [Stilkey's] control."  Doc. no. 4 at 10 of 18.  Stilkey contends these other considerations favor a finding of excusable neglect.

The court discerns no error in the bankruptcy court's analysis.  As the bankruptcy court correctly observed, although there are four factors which guide a court in deciding whether neglect is excusable, they do not carry equal weight.  Rather, the reason for the delay is the most critical, and "[e]ven where there is no prejudice, impact on judicial proceedings, or trace of bad faith, the favorable juxtaposition of these factors does not excuse the delay where the proffered reason is insufficient."[2]  In re Sheedy, 875 F.3d at 744 (quotation,

---

[2] Stilkey cites cases from the Third Circuit for the proposition that "all factors must be considered and balanced; no one factor trumps the others."  Doc. no. 4 at 11 of 18.  The

brackets, and internal quotation marks omitted); see also
Hospital del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001).

In this case, the bankruptcy court noted that Stilkey filed
her motion for reconsideration "the day before she left for a
20-day vacation/business trip," doc. no. 1 at 6 of 13, and that
the trip itself was within her control.  At the time she left
for her trip, Stilkey had both the opportunity and obligation to
monitor developments with her case, and she failed to do so.
Thus, given the absence of a valid reason for the delay, the
bankruptcy court acted within its discretion in finding that
Stilkey had not demonstrated excusable neglect.  See In re
Sheedy, 875 F.3d at 744-46 (bankruptcy court acted within its
discretion in denying party's motion to extend, which was filed
one day after appeal period elapsed, where party's counsel
justified delay on ground that he was preoccupied with
responsibilities associated with religious holiday).  Stilkey's
pro se status and lack of knowledge about the applicable
deadline do not alter this conclusion.  See, e.g., Bell v. Nat'l
Collegiate Student Loan Trust 2006-1, No. 15-12301-NMG, 2015 WL
4242380, at *1 (D. Mass. July 10, 2015) ("Misinterpretation or

---

First Circuit has clearly stated, however, that the reason for
delay is the predominant factor, see In re Sheedy, 875 F.3d at
744, and this court is bound to follow the law of the circuit in
which it sits, see Nevor v. Moneypenny Holdings, LLC, 842 F.3d
113, 125 (1st Cir. 2016).

ignorance of the applicable time limits even by pro se litigants does not constitute excusable neglect." (quotation omitted)).

Stilkey next alleges that, during the litigation, the bankruptcy court acted with more leniency toward Marsters than her. She also claims that the bankruptcy court erred by, among other things, mistakenly discharging Marsters' debt at one point during the litigation, an error which the court subsequently corrected. Based on these allegations, Stilkey argues that the bankruptcy court "demonstrated an abuse of discretion . . . when it held [Stilkey] to a higher threshold regarding requirements of the bankruptcy court than [Marsters] and even the court itself." Doc. no. 4 at 13 of 18.

The court is not persuaded. These allegations are unrelated to, and do not bear on, the pertinent issue—whether Stilkey has demonstrated excusable neglect under Rule 8002(d)(1)(B). They do not excuse Stilkey's noncompliance with an unambiguous deadline, and they do not render the bankruptcy court's decision on the motion to extend an abuse of discretion.

Accordingly, the bankruptcy court did not err when it denied Stilkey's motion to extend and thereafter dismissed her notice of appeal. See Colon-Santana v. Martinez-Malave, 125 F.3d 841, 1997 WL 556059, at *1 (1st Cir. 1997) ("Untimely

notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order.").

**CONCLUSION**

For the reasons stated herein, the decisions of the bankruptcy court are AFFIRMED.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 9, 2018

cc:   Edmond J. Ford, Esq.
      Richard D. Gaudreau, Esq.
      Geraldine L. Karonis, Esq.
      Eva Marie Stilkey, pro se